234

## SOUTHERN TEXTILE MACHINERY CO. v. WOVENRIGHT KNITTING CO.

### No. 1057.

District Court, N. D. Ohio, E. D.

May 18, 1925.

Melville Church, of Washington, D. C., for plaintiff.

Cyrus N. Anderson, of Philadelphia, Pa., for the defendant.

WESTENHAVER, District Judge.

Counsel for plaintiff, as a result of a conference with defendant's counsel, and before starting this trial, brought to my attention certain facts relating to the jurisdiction of this court. It is stated that these facts were learned only within the last day or two, and counsel deem it their professional duty that the court should be advised thereof before proceeding with the trial. The facts have been stated and are unquestioned. Counsel have been heard upon the question of law involved, and as careful an examination of the law has been made by me as is practicable during a trial. It should be added, however, that the law on this subject has been often and quite thoroughly studied by me; hence the conclusion to which I have come is one which I am confident would not be modified by a further and more extended study, and will now be announced.

First, in order that the record may be complete, I shall state the facts as I understand them. Counsel are at liberty to correct any errors in this statement and to add thereto any omitted facts by them deemed material. The plaintiff and owner of the two patents alleged in this suit to be infringed, procured the defendant, the Wovenright Company, to buy from the Hepworth Company, one of the machines alleged to infringe, and bring it into this district and make use of it within this district, for the avowed purpose of conferring jurisdiction, in the venue sense, upon this forum. This purchase was made by the Wovenright Company of the Hepworth Company, the manufacturer, outside of this district. The seller retained no interest in or control over the machine after it sold and transferred title to it outside of the district. It is assumed that, since the machine has been brought within the district, it has been used here, and that its use is an infringing use within the contemplation of the Hepworth Company when it sold the machine, unless for the act of the plaintiff in procuring the sale to be made.

This suit was brought and is now pending against the purchaser, the Wovenright Company, alone, and is based upon the infringing use of the machine procured and brought into the district under the circumstances stated. The Hepworth Company was advised by local counsel for the plaintiff that this suit had been brought against one of its users of one of its machines within the district. A copy of the bill was forwarded along with such advice. The Hepworth Company, without knowledge of the circumstances stated, and without then or at any time making itself a party to the record, or being now willing to do so, assumed the burden and expense of the defense. It did so without knowledge of the circumstances under which the machine was acquired and the infringing use begun. Neither defendant's counsel nor plaintiff's counsel, now in charge of this litigation, learned of the stated facts and circumstances until Friday of last week, and both join in bringing the same at this time to the attention of the court. If there is any

inaccuracy or omission in the foregoing statement of facts, counsel are now requested to point them out. (Counsel both for plaintiff and defendant announced that the facts are correctly stated.)

Now let us reason about these facts for a moment. If the Hepworth Company had not appeared and taken charge of the defense, and the Wovenright Company had been left to its own resources, what would have been the course of this litigation? If the Wovenright Company had come into court and said: "I bought and have brought within this district and am now using here one of the infringing machines, but I did so at plaintiff's request," could this action be maintained? If the Wovenright Company had further asserted, and the assertion was admitted by plaintiff to be true, that it had engaged in this transaction in order to provide the plaintiff with a defendant so that it might have sued in this district, but, upon finding out that the manufacturer was unwilling to stand behind it and bear the expense of the defense denied infringement, what, in that situation, would have been the future course of this litigation? Could the court in that situation have proceeded to a final decree? I fancy not.

Let us pursue the inquiry a little farther. So far as the record discloses, the parties to the record are still the same and the situation remains unchanged. The Hepworth Company has not appeared to be made a defendant against whom a decree may be entered, but merely as the backer of the record defendant. The Hepworth Company is undertaking only to make such defenses as the Wovenright Company is entitled to make if it were in fact and in truth an infringer of the plaintiff's patents. As soon as the situation is disclosed, the Hepworth Company brings the matter to the court's attention, and now leaves it to the court to deal with it in accordance with the law. That being the situation, I am driven, in my process of reasoning, to the ultimate test question, the one put to plaintiff's counsel in argument: May parties to a patent litigation select at will that District Court anywhere within the United States that best suits their purposes, go there, file a bill, and by appearance or waivers, or otherwise, compel that court to take jurisdiction of the controversy? If I proceed to exercise jurisdiction in this case, I am doing the equivalent of that which is implied in the question. The incidents of each situation may differ, but the substance will always be the same.

I do not think that section 37 of the Judicial Code (28 USCA § 80) admits of a construction so narrow. It is true, it is found in the chapter of the Judicial Code dealing with the removal of causes. It had to be put in the Judicial Code somewhere. It might as well have been put in that part of the Code dealing with the jurisdiction of district courts or that part containing miscellaneous provisions relating to district courts. It is the latter chapter in which is found the venue sections pertaining to patent cases as well as to cases depending on diversity of citizenship and other grounds of federal jurisdiction. Too much cannot be claimed because of the position of the section in the Judicial Code.

The language of the section pertinent to our situation is as follows: "If in any suit commenced in a district court * * * it shall appear to the satisfaction of the said district court, at any time after such suit has been brought * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit * * * and shall make such order as to costs as shall be just." The provisions of the section which I have omitted deal with other situations. That part which I have read appears to me to be applicable to the present situation.

This is a suit commenced in a district court. The facts as above stated appear to my satisfaction. It now appears that the only record defendant to that action was improperly and collusively made. In applying these descriptive words, I am not intending to impute professional misconduct or moral turpitude either to parties or counsel. I am only quoting the statutory language and looking at it from the viewpoint of the District Court which owes a duty to prevent abuses of its process and prevent its jurisdiction being invoked in situations as to which section 37 forbids it to be invoked. The language of the section cannot be satisfied by limiting it to jurisdiction of the subject-matter in the strict sense. A case of which the District Court has not jurisdiction of the subject-matter must always be dismissed and will be dismissed on appeal or review. Section 37 was unnecessary to ef-

fect this result. The language of the section is "a dispute or controversy properly within the jurisdiction of said district court." The language applies whenever the parties have been improperly or collusively made or joined in order to bring the case within a particular district. The language is imperative; the court shall in such a situation dismiss the suit.

If a plaintiff procures another to commit an act, is not that other the plaintiff's agent in the commission of it? Is, there any difference between the present situation than what it would be if the plaintiff itself had bought this machine outside of the district, then brought it within the district and took it out to the factory of the Wovenright Company and had induced that factory to put it in use? The difference, if any, is immaterial. The plaintiff was thereby making both improperly and collusively a defendant within this district for the purpose of conferring jurisdiction on this court. It does not seem to me to be a sufficient answer to say that the owner of a patent, knowing, or having reason to believe, that another is infringing it, may himself or by his agent purchase the infringing article and thereby make evidence of an infringement. It may be true that plaintiff might in this case, in person or by agent, have bought the infringing machine outside of the district and the act of infringement would be complete; but, in that event, this court would not have jurisdiction of the controversy based upon that infringement, but the parties would be obliged to sue in the district in which the infringement was committed. So here, the plaintiff might sue the Hepworth Company at the place and within the district where the act of infringement was committed, but when, in addition to procuring the commission of an act of infringement, the plaintiff goes further, and, either through its agent or by its own officers, brings the infringing machine within the district and uses it here in an effort to create an infringing use within the district for jurisdictional purposes, then I am of opinion that the infringing defendant is improperly and collusively made, and a suit within the district based thereon is within the prohibition of the statute and must be dismissed.

I have read all the pertinent cases decided under section 37. I agree that the point now presented was not involved in any of them. I am not a narrow constructionist so far as the jurisdiction of this court is concerned. My general disposition is and always has.been that, if one thinks well enough of the court to wish to bring a case here, I am happy to oblige them; but I cannot override the imperative language of the statute. If the court becomes satisfied that the statute is violated, then it is required to dismiss the action. Under the circumstances stated, I am, of opinion that plaintiff here has improperly and collusively made a defendant within this district for the purpose of suing it, and the suit must be dismissed. The order of the court will be that plaintiff's bill be dismissed under section 37, and that plaintiff pay the costs. If a certificate of dismissal for want of jurisdiction is desired, I shall be glad to furnish it, although, as I recall the recent amendments to the Judicial Code, an appeal is now not to the United States Supreme Court, but to the Circuit Court of Appeals.

It will be so ordered.